**EDA**

**FILED**

**FEBRUARY 22, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1122**

| | | |
|---|---|---|
| Denise Pavich and Nicholas Pavich, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. _____ |
| | ) | |
| v. | ) | Hon. _____ |
| | ) | |
| American Express Cards a/k/a | ) | |
| American Express Company, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## NOTICE OF REMOVAL

NOW COMES, American Express Centurian Bank, improperly sued as American Express Company ("AMEX"), by its and through its undersigned attorneys, and, pursuant to 28 U.S.C. § 1441, *et seq.*, files its Notice of Removal of the action captioned as *Denise Pavich and Nicholas Pavich v. American Express Cards a/k/a American Express Company*, Cook County Case No.08 L 887, from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. As grounds for removal, AMEX states as follows:

1.    Plaintiffs filed this action in the Circuit Court of Cook County, Illinois on January 25, 2008. A copy of the Complaint is attached hereto as Exhibit A.

2.    In their Complaint the Plaintiffs allege causes of action against AMEX arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and the Illinois Consumer Fraud Act, 815 ILCS 505, *et seq.*

3.    28 U.S.C. § 1331 grants this Court original jurisdiction for civil actions arising under the laws of the United States. The Fair Credit Report Act, as a federally enacted statute, is a law of the United States, and this Court can assert federal question jurisdiction over the

**JUDGE LEFKOW**
**MAGISTRATE JUDGE NOLAN**

Plaintiffs' Fair Credit Report Act claim. *Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516, 522 (7th Cir. 2003).

4.       28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5.       28 U.S.C. § 1441(a) states that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed...." *See also,* 28 U.S.C. § 1367(a) (stating that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"); *Voelker*, 353 F.3d at 522 (holding that the Northern District of Illinois could exert supplemental jurisdiction over claims that arose under the same facts alleged to support a Fair Credit Reporting Act claim).

6.       Alternatively, 28 U.S.C. § 1332 grants this Court jurisdiction over cases between citizens of different states in which the amount in controversy is greater than $75,000.

7.       Plaintiffs are citizens and residents of Cook County, Illinois.  AMEX is a corporation incorporated in New York with its principal place of business in Fort Lauderdale, Florida.

8.       In their Complaint, Plaintiffs allege they have suffered, and will continue to suffer, "serious financial and pecuniary harm" in excess of $50,000. Plaintiffs seek statutory, actual, punitive damages, and fees as a result of an alleged failure to secure financing, as well as

2

loss of the use of funds and loan opportunities. AMEX has a good-faith belief that the amount in controversy exceeds $75,000 and therefore satisfies the threshold jurisdictional amount. Accordingly, this Court may also exert diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

9.    This Notice of Removal is filed in the District Court of the United States for the district and division in which this suit was filed.

10.    This Notice of Removal is filed within the time frame provided by 28 U.S.C. § 1446(b) in that thirty days have not elapsed since the Complaint was filed and/or since a copy thereof was received by AMEX.

11.    Pursuant to the requirements of 28 U.S.C. § 1446(a), a copy of the other documents contained within Circuit Court file are attached hereto as Exhibit B.

12.    Pursuant to the requirements of 28 U.S.C. § 1446(d), AMEX will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court, and AMEX will promptly serve Plaintiff with this Notice of Removal.

13.    Pursuant to the requirements of Federal Rule of Civil Procedure 81(c), AMEX will file an answer to the Complaint within five days of filing this Notice of Removal.

WHEREFORE, AMEX hereby removes to this Court the action captioned *Denise Pavich and Nicholas Pavich v. American Express Cards a/k/a American Express Company*, Cook County Case No. 08 L 887, from the Circuit Court of Cook County, Illinois.

Dated: February 22, 2008

Respectfully submitted,

AMERICAN EXPRESS CENTURIAN BANK,
improperly sued as AMERICAN EXPRESS CO.

By: _____
One of its attorneys

Daniel K. Ryan, Esq.
HINSHAW & CULBERTSON, LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60601
(312) 704-3000
(312) 704-3001 (facsimile)
dryan@hinshawlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was mailed postage prepaid to all attorneys of record this 22nd day of February, 2008.

_____
Daniel K. Ryan

4

# EXHIBIT "A"

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| Denise Pavich and Nicholas Pavich, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | No. _____ |
| | ) | |
| v. | ) | Honorable _____ |
| | ) | |
| American Express Cards a/ka American Express Company, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1.      Plaintiffs Nicholas A. Pavich and Denise Pavich are husband and wife. They are citizens and residents of Cook County, Illinois.

2.      Upon information and belief, Defendant American Express Cards a/k/a American Express Company ("AMEX") is a business entity with its principal place of business located in Fort Lauderdale, Florida and it is incorporated in New York.

3.      Upon further information and belief, Defendant AMEX transacts business within Illinois as defined in Section 2-209 of the Illinois Code of Civil Procedure. Upon further information and belief, Defendant AMEX offered and performed its acts described below, within Illinois as defined in Section 2-209 of the Illinois Code of Civil Procedure.  Furthermore, the events, parties and acts described herein all occurred within Cook County, Illinois.  Therefore, venue and jurisdiction are proper before this Court.

## Background

4.        This is an action for damages brought by an individual consumers against AMEX for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.,* and the Illinois Consumer Fraud Act, 815 ILCS 505, *et seq.*

5.        Defendant fraudulently induced plaintiffs into using its AMEX-issued checks (hereinafter "Convenience Checks") by repeatedly assuring plaintiffs that they would not be charged any fee in connection with the use of such a check.  In fact, AMEX has fraudulently charged plaintiffs' account with monthly charges for the use of the check and it has charged interest for the same charges (hereinafter "Financing Charges"). Additionally, Defendant has been reporting derogatory and inaccurate statements and information relating to plaintiff and plaintiff's credit history to third parties (hereafter the "Inaccurate Information") based upon its fraudulent Financing Charges.

6.        The history of this dispute began approximately in July 2007 when plaintiffs were contemplating the purchase of a new home.  Plaintiffs who had been credit card holding AMEX customers had received previous offers for "Convenience Checks" for their account.   AMEX regularly advertised that its convenience checks could be used just as normal checks.

7.        Plaintiffs were aware that sometimes convenience checks offered by AMEX could carry finance charge, but only if they were used for balance transfers from other credit cards.  In July 2007, after receiving another mail offer from AMEX regarding its convenience check, plaintiff Denise Pavich phoned AMEX's toll-free number to enquire about the usage of the checks and whether a convenience check could be used without incurring a transactional or financing charge if the convenience check was made

payable to a private third party individual. Throughout her conversation with the AMEX representative she was repeatedly assured there would be absolutely no fee charged for the usage of the convenience check. As a result of the representative's assurances, Mrs. Pavich ordered a set of three convenience checks. Plaintiffs relied upon the representations made by the AMEX representative to Mrs. Pavich. Upon information and belief, plaintiffs believe that AMEX recorded Mrs. Pavich's conversation with its representative.

8.      Plaintiffs received the convenience checks in August 2007. They examined the written rules mailed with the convenience checks and found no representations made about Financing Charges for use of the checks when they were made payable to private individuals. This intentional omission was purposely done by AMEX to further their scheme to defraud plaintiffs and constitutes a separate fraudulent act for the purpose of the claims stated in this Complaint. Plaintiffs relied upon the omission made in the AMEX written rules.

9.      Out of an abundance of caution, in August 2007, plaintiff Nicholas Pavich again phoned the toll free number listed with the information that came with the convenience checks to enquire about the usage of the checks and whether a convenience check could be used without incurring a transactional or financing charge if the convenience check was made payable to a private third party individual. Mr. Pavich spoke with another AMEX representative who repeatedly assured him that there would be absolutely no fee charged for the usage of the convenience check. Plaintiffs relied upon the representations made by the AMEX representative to Mr. Pavich. Upon

information and belief, plaintiffs believe that AMEX recorded Mr. Pavich's conversation with its representative.

10.    AMEX is an entity which regularly uses and furnishes credit information. AMEX has reported the Inaccurate Information about plaintiffs as part of that credit information it reports to the credit reporting agencies and other third parties.

11.    The Inaccurate Information negatively reflects upon the plaintiffs, plaintiffs' credit history, plaintiff's financial responsibility as a debtor and plaintiff's credit worthiness. The Inaccurate Information consists of accounts. The major credit reporting agencies are inaccurately and wrongfully reporting Plaintiffs' account with AMEX. Plaintiff is involved with a dispute regarding reimbursement for "finance charges" which were fraudulently charged on AMEX account. As a result, Plaintiffs' credit reports do not reflect this, and inaccurately and falsely continue to show increases in the frequency of late payments subsequent to the date of the account's closure.

12.    Despite plaintiffs' exhaustive efforts to date, defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations of the above disputes as required by the FCRA, has failed to remove the Inaccurate Information, has failed to note the disputed status of the Inaccurate Information and have continued to report the derogatory Inaccurate Information about the plaintiffs.

13.    Plaintiffs recently applied for a home equity line of credit loan through Capital One Financial Company who offered a loan at a prohibitively high rate of interest due to the fact that their credit card balance is now being reported as too high. Plaintiffs

4

have been informed that the basis for this high interest rate was the Inaccurate

Information that appears on their credit reports.

14.    Plaintiffs' credit reports and file have been obtained from the major credit

reporting bureaus and have been reviewed by prospective and existing credit grantors and

extenders of credit, and the Inaccurate information has been a substantial factor in

precluding plaintiff from receiving many different credit offers and opportunities, know

and unknown, and from receiving the most favorable terms in financing and interest rates

for credit offers that were ultimately made.

15.    As a result of defendant's conduct, plaintiffs have suffered actual damages

and serious financial and pecuniary harm arising from monetary losses relating to credit

denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or

elevated interest rate and finance charges, out-of-pocket expenses including, but not

limited to, local or long distance telephone calls, postage, faxing and other related costs,

all of which will continue into the future to plaintiffs' great detriment and loss.

16.    As a result of defendant's conduct, plaintiffs have suffered great physical,

emotional and mental pain and anguish, and plaintiffs will continue to suffer the same for

an indefinite time in the future, all to plaintiffs' great detriment and loss.

17.    As a result of defendant's conduct, plaintiffs have suffered actual damages

in the form of financial and dignitary harm arising from the injury to credit rating and

reputation, and plaintiffs will continue to suffer the same for an indefinite time in the

future, all to plaintiffs' great detriment and loss.

18.    As a result of defendant's conduct, plaintiffs have suffered decreased

credit scores as a result of multiple inquiries appearing on plaintiffs' credit file.

5

19.    At all time pertinent hereto, defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of defendant.

20.    At all times pertinent hereto, the conduct of defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the plaintiffs.

## Count I- Breach of the Fair Credit Reporting Act

21.    Plaintiffs incorporate paragraphs 1-20 as though the same were set forth at length herein.

22.    At all times pertinent hereto, defendant AMEX was a "person" as that term is defined by 15 U.S.C. §1681a(b).

23.    Defendant AMEX violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s(2)(b):

(a)    willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiffs disputed;

(b)    willfully and negligently failing to review all relevant information concerning plaintiffs' account provided to defendant AMEX;

(c)    willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d)    willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e)    willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiffs;

(f)    willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that plaintiffs submitted to defendant AMEX and which proved that the information concerning the plaintiffs' credit report was inaccurate;

(g)    willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the plaintiffs to credit reporting agencies and other entities; and

(h)    willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b);

24.    Defendant AMEX's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the plaintiffs that are outlined more fully above, and as a result, AMEX is liable to compensate plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief. permitted by law.

## Count II- Violation of the Illinois Consumer Fraud Act

25.    Plaintiffs reallege and reincorporate paragraphs 1- 24 above.

26.    At the time of the convenience checks and after, AMEX through its representatives assured plaintiffs repeatedly in oral statements, that there would be absolutely no fee charged for the usage of the convenience check if it was made payable to a private third-party individual.

27.     At the time of the forgoing representations, AMEX's representatives knew they were false and untrue

28.     At the time of the forgoing representations, AMEX's representatives made them for the purpose of inducing reliance and upon which plaintiffs relied.

29.     The foregoing representations resulted in damages to plaintiffs.

30.     AMEX's conduct (including its employees' intentional omissions and misrepresentations described above) was willful and wanton thereby warranting punitive damages along with attorneys' fees and costs, as well as such other relief, permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff seeks judgment in plaintiffs' favor and damages against American Express Cards a/k/a American Express Company, for the following requested relief:

(a)     Actual damages in excess of $50,000;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 815 ILCS 505/2, 15 U.S.C. §§1681n, and 1681o;

(e)     An order directing that defendant immediately deletes all of the inaccurate information from plaintiffs' credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f)    An order directing that defendant sends to all persons and entities

plaintiff's updated and corrected credit report information to whom it has previously

reported plaintiffs' Inaccurate Information; and

(g)    Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

Nicholas A. Pavich
*Pro Se*

Denise M. Pavich
*Pro Se*

Dated: January 25, 2008

ARDC No. 6257828
1701 N. Halsted St.
Unit E-4
Chicago, Illinois 60614
Phone 773-425-5173

9

# EXHIBIT "B"

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| DENISE PAVICH and NICOLAS PAVICH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2008 L 000887 |
| | ) | |
| AMERICAN EXPRESS CARDS a/k/a | ) | |
| AMERICAN EXPRESS COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**APPEARANCE AND JURY DEMAND**

The undersigned, as attorney, enters the appearance of the defendant, **AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. (incorrectly sued as AMERICAN EXPRESS CARDS a/k/a AMERICAN EXPRESS COMPANY).**

Defendant demands trial by jury.

_____

|  |  |
|---|---|
| | Stephen D. Vernon, Esq. |
| **Name:** | HINSHAW & CULBERTSON LLP |
| **Attorney for:** | **AMERICAN EXPRESS TRAVEL RELATED SERVICES (Incorrectly sued as AMERICAN EXPRESS CARDS a/k/a AMERICAN EXPRESS COMPANY** |
| **Address:** | 222 North LaSalle Street, Suite 300 |
| **City:** | Chicago, IL 60601-1081 |
| **Telephone:** | 312-704-3000 |
| **Atty. No.** | 90384 |

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Attorney For Defendant

**Nicholas A. Pavich, Pro Se**
**Denise M. Pavich, Pro Se**
**ARDC No. 6257828**
**1701 N. Halstead Street**
**Unit E-4**
**Chicago, Illinois  60614**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| DENISE PAVICH and NICOLAS PAVICH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2008 L 000887 |
| | ) | |
| AMERICAN EXPRESS CARDS a/k/a | ) | |
| AMERICAN EXPRESS COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR EXTENSION OF TIME**

NOW COMES Defendant AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. (incorrectly sued as AMERICAN EXPRESS CARDS a/k/a AMERICAN EXPRESS COMPANY) by and through its attorneys, HINSHAW & CULBERTSON LLP and, pursuant to Illinois Supreme Court Rule 183, respectfully requests an additional twenty-eight day extension of time to and including March 21, 2008. Defendant requests this extension due to the fact it recently retained counsel. This time is necessary for counsel to investigation the allegations of Plaintiff's Complaint and prepare the appropriate response. This request for an extension is not meant to prejudice any party or to cause unjust delay.

WHEREFORE, Defendant AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. (incorrectly sued as AMERICAN EXPRESS CARDS a/k/a AMERICAN EXPRESS COMPANY) respectfully requests that this Court extend the time by which Defendant is required to answer or otherwise plead to Plaintiff's Complaint an additional twenty-

eight (28) days to and including March 21, 2008, and for such other and further relief as this

Court deems just and proper in the premises.

Respectfully submitted,

By:_____
One of the Attorneys for Defendant
AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY, INC.
(incorrectly sued as AMERICAN
EXPRESS CARDS a/k/a AMERICAN
EXPRESS COMPANY)

Daniel K Ryan, Esq.
Stephen D. Vernon, Esq.
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
312-704-3000
90384

6286686v1 NEWFILE