IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Denise Pavich and Nicholas Pavich, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08-cv-01122 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | Magistrate Judge Nolan |
| American Express Cards a/k/a | ) | |
| American Express Company, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS PURSUANT RULE 12(b)(6)**

Defendant, AMERICAN EXPRESS CENTURIAN BANK, *incorrectly sued as* AMERICAN EXPRESS CARDS A/K/A AMERICAN EXPRESS COMPANY ("AMEX"), by its attorneys, Daniel K. Ryan and Stephen D. Vernon, and pursuant to Federal Rule of Civil Procedure 12(b)(6) moves to dismiss Plaintiffs' Complaint, and in support thereof, state as follows:

**SUMMARY OF CLAIMS**

1.  Plaintiffs, Denise Pavich and Nicholas Pavich, Complaint against AMEX alleges two counts, one for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et. seq.*, and the other for alleged violations the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505 *et. seq.* Plaintiff's Complaint, a copy of which is attached hereto as Exhibit A.

2.  Plaintiffs allege that unidentified AMEX representatives orally assured them that they would not incur a finance charge if Plaintiffs used AMEX convenience checks. Ex. A. Plaintiffs further claim that they were charged finance charges for using the AMEX convenience checks and that AMEX has reported inaccurate information regarding Plaintiffs' credit history to credit reporting agencies based upon the finance charges. Ex. A.

## SUMMARY OF ARGUMENTS

3. However, Count I of Plaintiffs' Complaint, for alleged violations of the FCRA, requires dismissal because Plaintiffs have failed to allege two necessary elements for such a claim: (1) that they notified a credit reporting agency of their claimed dispute and (2) that a credit reporting agency notified AMEX of the dispute. *See* Section I of Defendant's Memorandum of Law in Support of Its Motion to Dismiss ("Defendant's Memorandum of Law"), which is incorporated herein by reference.

4. Count II of Plaintiffs' Complaint for alleged violations of the ICFA requires dismissal as it is preempted by the FCRA. *See* Section II of Defendant's Memorandum of Law.

5. Additionally, even if Count II were not preempted by the FCRA, it should be dismissed as Plaintiffs have failed to plead a violation of the ICFA with the particularity needed under Federal Rule of Civil Procedure ("F.R.C.P.") 9(b). *See* Section III of Defendant's Memorandum of Law.

6. Finally, Plaintiffs' requests for injunctive relief must be dismissed as they are barred by the FCRA. *See* Section IV of Defendant's Memorandum of Law.

## CONCLUSION

WHEREFORE, Defendant, AMERICAN EXPRESS CENTURIAN BANK, *incorrectly sued as* AMERICAN EXPRESS CARDS A/K/A AMERICAN EXPRESS COMPANY, respectfully requests that this Court grant its motion and dismiss Plaintiff's Complaint with prejudice, that it be awarded attorneys' fees pursuant to 15 U.S.C. §1681n(c) and §1681o(b) and for such other relief as this court deems just.

Respectfully submitted,

AMERICAN EXPRESS CENTURIAN BANK, *incorrectly sued as* AMERICAN EXPRESS

6299570v1 886255

        CARDS A/K/A AMERICAN EXPRESS COMPANY,

        By:    s/Stephen D. Vernon_____
              One of Its Attorneys

Daniel K. Ryan
Stephen D. Vernon
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois  60601
312-704-3000
dryan@hinshawlaw.com
svernon@hinshawlaw.com

3

6299570v1 886255