# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| Denise Pavich and Nicholas Pavich, | ) | |
| | ) | |
| Plaintiffs, | ) | No. _____ |
| | ) | |
| v. | ) | Honorable _____ |
| | ) | |
| American Express Cards a/ka | ) | JURY TRIAL DEMANDED |
| American Express Company, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. Plaintiffs Nicholas A. Pavich and Denise Pavich are husband and wife. They are citizens and residents of Cook County, Illinois.

2. Upon information and belief, Defendant American Express Cards a/k/a American Express Company ("AMEX") is a business entity with its principal place of business located in Fort Lauderdale, Florida and it is incorporated in New York.

3. Upon further information and belief, Defendant AMEX transacts business within Illinois as defined in Section 2-209 of the Illinois Code of Civil Procedure. Upon further information and belief, Defendant AMEX offered and performed its acts described below, within Illinois as defined in Section 2-209 of the Illinois Code of Civil Procedure. Furthermore, the events, parties and acts described herein all occurred within Cook County, Illinois. Therefore, venue and jurisdiction are proper before this Court.

## Background

4. This is an action for damages brought by an individual consumers against AMEX for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, and the Illinois Consumer Fraud Act, 815 ILCS 505, *et seq.*

5. Defendant fraudulently induced plaintiffs into using its AMEX-issued checks (hereinafter "Convenience Checks") by repeatedly assuring plaintiffs that they would not be charged any fee in connection with the use of such a check. In fact, AMEX has fraudulently charged plaintiffs' account with monthly charges for the use of the check and it has charged interest for the same charges (hereinafter "Financing Charges"). Additionally, Defendant has been reporting derogatory and inaccurate statements and information relating to plaintiff and plaintiff's credit history to third parties (hereafter the "Inaccurate Information") based upon its fraudulent Financing Charges.

6. The history of this dispute began approximately in July 2007 when plaintiffs were contemplating the purchase of a new home. Plaintiffs who had been credit card holding AMEX customers had received previous offers for "Convenience Checks" for their account. AMEX regularly advertised that its convenience checks could be used just as normal checks.

7. Plaintiffs were aware that sometimes convenience checks offered by AMEX could carry finance charge, but only if they were used for balance transfers from other credit cards. In July 2007, after receiving another mail offer from AMEX regarding its convenience check, plaintiff Denise Pavich phoned AMEX's toll-free number to enquire about the usage of the checks and whether a convenience check could be used without incurring a transactional or financing charge if the convenience check was made

2

payable to a private third party individual. Throughout her conversation with the AMEX representative she was repeatedly assured there would be absolutely no fee charged for the usage of the convenience check. As a result of the representative's assurances, Mrs. Pavich ordered a set of three convenience checks. Plaintiffs relied upon the representations made by the AMEX representative to Mrs. Pavich. Upon information and belief, plaintiffs believe that AMEX recorded Mrs. Pavich's conversation with its representative.

8. Plaintiffs received the convenience checks in August 2007. They examined the written rules mailed with the convenience checks and found no representations made about Financing Charges for use of the checks when they were made payable to private individuals. This intentional omission was purposely done by AMEX to further their scheme to defraud plaintiffs and constitutes a separate fraudulent act for the purpose of the claims stated in this Complaint. Plaintiffs relied upon the omission made in the AMEX written rules.

9. Out of an abundance of caution, in August 2007, plaintiff Nicholas Pavich again phoned the toll free number listed with the information that came with the convenience checks to enquire about the usage of the checks and whether a convenience check could be used without incurring a transactional or financing charge if the convenience check was made payable to a private third party individual. Mr. Pavich spoke with another AMEX representative who repeatedly assured him that there would be absolutely no fee charged for the usage of the convenience check. Plaintiffs relied upon the representations made by the AMEX representative to Mr. Pavich. Upon

3

information and belief, plaintiffs believe that AMEX recorded Mr. Pavich's conversation with its representative.

10.  AMEX is an entity which regularly uses and furnishes credit information. AMEX has reported the Inaccurate Information about plaintiffs as part of that credit information it reports to the credit reporting agencies and other third parties.

11.  The Inaccurate Information negatively reflects upon the plaintiffs, plaintiffs' credit history, plaintiff's financial responsibility as a debtor and plaintiff's credit worthiness. The Inaccurate Information consists of accounts. The major credit reporting agencies are inaccurately and wrongfully reporting Plaintiffs' account with AMEX. Plaintiff is involved with a dispute regarding reimbursement for "finance charges" which were fraudulently charged on AMEX account. As a result, Plaintiffs' credit reports do not reflect this, and inaccurately and falsely continue to show increases in the frequency of late payments subsequent to the date of the account's closure.

12.  Despite plaintiffs' exhaustive efforts to date, defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations of the above disputes as required by the FCRA, has failed to remove the Inaccurate Information, has failed to note the disputed status of the Inaccurate Information and have continued to report the derogatory Inaccurate Information about the plaintiffs.

13.  Plaintiffs recently applied for a home equity line of credit loan through Capital One Financial Company who offered a loan at a prohibitively high rate of interest due to the fact that their credit card balance is now being reported as too high. Plaintiffs

4

have been informed that the basis for this high interest rate was the Inaccurate Information that appears on their credit reports.

14. Plaintiffs' credit reports and file have been obtained from the major credit reporting bureaus and have been reviewed by prospective and existing credit grantors and extenders of credit, and the Inaccurate information has been a substantial factor in precluding plaintiff from receiving many different credit offers and opportunities, know and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

15. As a result of defendant's conduct, plaintiffs have suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to plaintiffs' great detriment and loss.

16. As a result of defendant's conduct, plaintiffs have suffered great physical, emotional and mental pain and anguish, and plaintiffs will continue to suffer the same for an indefinite time in the future, all to plaintiffs' great detriment and loss.

17. As a result of defendant's conduct, plaintiffs have suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and plaintiffs will continue to suffer the same for an indefinite time in the future, all to plaintiffs' great detriment and loss.

18. As a result of defendant's conduct, plaintiffs have suffered decreased credit scores as a result of multiple inquiries appearing on plaintiffs' credit file.

19. At all time pertinent hereto, defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of defendant.

20. At all times pertinent hereto, the conduct of defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the plaintiffs.

**Count I- Breach of the Fair Credit Reporting Act**

21. Plaintiffs incorporate paragraphs 1-20 as though the same were set forth at length herein.

22. At all times pertinent hereto, defendant AMEX was a "person" as that term is defined by 15 U.S.C. §1681a(b).

23. Defendant AMEX violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s(2)(b):

   (a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiffs disputed;

   (b) willfully and negligently failing to review all relevant information concerning plaintiffs' account provided to defendant AMEX;

   (c) willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

   (d) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiffs;

(f) willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that plaintiffs submitted to defendant AMEX and which proved that the information concerning the plaintiffs' credit report was inaccurate;

(g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the plaintiffs to credit reporting agencies and other entities; and

(h) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b);

24. Defendant AMEX's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the plaintiffs that are outlined more fully above, and as a result, AMEX is liable to compensate plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

### Count II- Violation of the Illinois Consumer Fraud Act

25. Plaintiffs reallege and reincorporate paragraphs 1- 24 above.

26. At the time of the convenience checks and after, AMEX through its representatives assured plaintiffs repeatedly in oral statements, that there would be absolutely no fee charged for the usage of the convenience check if it was made payable to a private third-party individual.

7

27. At the time of the forgoing representations, AMEX's representatives knew they were false and untrue

28. At the time of the forgoing representations, AMEX's representatives made them for the purpose of inducing reliance and upon which plaintiffs relied.

29. The foregoing representations resulted in damages to plaintiffs.

30. AMEX's conduct (including its employees' intentional omissions and misrepresentations described above) was willful and wanton thereby warranting punitive damages along with attorneys' fees and costs, as well as such other relief, permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff seeks judgment in plaintiffs' favor and damages against American Express Cards a/k/a American Express Company, for the following requested relief:

(a) Actual damages in excess of $50,000;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 815 ILCS 505/2, 15 U.S.C. §§1681n, and 1681o;

(e) An order directing that defendant immediately deletes all of the inaccurate information from plaintiffs' credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f) An order directing that defendant sends to all persons and entities plaintiff's updated and corrected credit report information to whom it has previously reported plaintiffs' Inaccurate Information; and

(g) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*/s/ Nicholas A. Pavich*
Nicholas A. Pavich
*Pro Se*

*/s/ Denise M. Pavich*
Denise M. Pavich
*Pro Se*

Dated: January 25, 2008

ARDC No. 6257828
1701 N. Halsted St.
Unit E-4
Chicago, Illinois 60614
Phone 773-425-5173

9