IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Denise Pavich and Nicholas Pavich, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08-cv-01122 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | Magistrate Judge Nolan |
| American Express Cards a/k/a | ) | |
| American Express Company, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendant, AMERICAN EXPRESS CENTURIAN BANK, *incorrectly sued as* AMERICAN EXPRESS CARDS A/K/A AMERICAN EXPRESS COMPANY, by its attorneys, Daniel K. Ryan and Stephen D. Vernon, submits this Memorandum of Law in support of its Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Plaintiffs' Complaint, and in support thereof, state as follows:

**INTRODUCTION**

Plaintiffs, Denise Pavich and Nicholas Pavich, have filed a two count Complaint against Defendant American Express Cards a/k/a American Express Company ("AMEX") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681*et. seq.*, and the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505 *et. seq.* In sum, Plaintiffs allege that AMEX fraudulently induced them into using convenience checks issued by AMEX by orally assuring Plaintiffs if they used of the AMEX checks they would not incur a finance charge. Plaintiffs further allege that they were charged finance charges for using the AMEX checks and that AMEX has reported inaccurate information regarding Plaintiffs' credit history to third parties based upon the finance charges.

Initially, Count I of Plaintiffs' Complaint, for alleged violations of the FCRA, requires dismissal because Plaintiffs have failed to allege two necessary elements for this claim: (1) that they notified a credit reporting agency of their claimed dispute and (2) that a credit reporting agency notified AMEX of the dispute. Count II of Plaintiffs' Complaint for alleged violations of the ICFA requires dismissal as it is preempted by the FCRA. Even if Count II were not preempted by the FCRA, it should be dismissed as Plaintiffs have failed to plead a violation of the ICFA with the particularity needed under Federal Rule of Civil Procedure ("F.R.C.P.") 9(b). Finally, Plaintiffs' requests for injunctive relief must be dismissed as they are barred by the FCRA.

## THE ALLEGATIONS OF PLAINTIFFS' COMPLAINT

Plaintiffs are married residents of Cook County, Illinois. Plaintiffs' Complaint ("Pl. Cmp.) ¶1. Plaintiff Nicholas Pavich is an attorney licensed in Illinois. Pl. Cmp. at p. 9 (ARDC No. 6257828). AMEX is alleged to be a New York corporation with a principal place of business located in Fort Lauderdale, Florida. *Id. at* ¶2. Plaintiffs bring this action for damages against AMEX for alleged violations of the FCRA and ICFA. *Id. at* ¶3.

Plaintiffs allege that unidentified representatives of AMEX fraudulently induced them into using checks issued by AMEX by orally assuring Plaintiffs, on unspecified dates in July and August of 2007, that they would not be charged a fee in connection with the use of the AMEX checks. *Id. at* ¶¶5-9. Plaintiffs make this claim despite acknowledging that they knew at the time that AMEX issued checks could carry a finance charge for their use. *Id. at* ¶7. Plaintiffs now claim that AMEX has charged financing charges to Plaintiffs' account for their use of the AMEX issued checks. *Id. at* ¶¶5, 11. Plaintiffs further allege that AMEX has reported

2

inaccurate information regarding Plaintiffs' credit history to third parties based upon the financing charges. *Id.*

Plaintiffs claim that AMEX has "deliberately, willfully, intentionally, recklessly and negligently" failed to: (1) perform a reasonable investigation into their dispute as required by the FCRA; (2) has failed to remove the alleged inaccurate information from their credit reports; (3) has failed to note the status of their accounts as disputed; and (4) has continued to report inaccurate information concerning their account to credit reporting agencies. *Id. at* ¶12. Plaintiffs allege that as a result of the foregoing failures by AMEX they have been quoted higher interest rates, precluded from receiving lower interest rate loan offers, suffered actual damages including physical and emotional distress, and lower credit scores. *Id. at* ¶¶13-18. Based on the foregoing allegations, Plaintiffs allege two counts against AMEX: Count I –Breach of the Fair Credit Reporting Act and Count II – Violation of the Illinois Consumer Fraud Act. *Id. at* ¶21-30.

Count I alleges that AMEX violated 15 U.S.C. §1681n and §1681o by engaging in conduct that allegedly violates 15 U.S.C. §1681s(2)(b).[1] *Id. at* ¶23. Specifically, Plaintiffs contend that AMEX willfully and negligently failed to: (a) conduct an investigation of the inaccurate information Plaintiffs' disputed; (b) review all relevant information concerning Plaintiffs' account; (c) report the results of investigations to the consumer [sic] reporting agencies; (d) report the inaccurate status of the inaccurate information to all credit reporting agencies; (e) to properly participate, investigate and comply with the reinvestigations that were

---

[1] It appears that Plaintiffs' have incorrectly cited to 15 U.S.C. §1681s(2)(b) for the alleged FCRA violations relating to factors in administrative enforcement actions rather than 15 U.S.C. §1681s-2(b), which governs the duties of data furnishers such as AMEX. Moreover, since there is <u>no</u> private right of action under Fair Credit Reporting Act (FCRA) provision imposing duties to provide accurate information to consumer reporting agencies in the initial furnishing, and imposing duties of reasonable investigation after notice of a dispute directly from the consumer it may reasonably be inferred that Plaintiffs actually intend to bring their FCRA claims based on 15 U.S.C. §1681s-2(b). *See Rollins v. Peoples Gas Light and Coke Co.*, 379 F.Supp.2d 964 (N.D.Ill.,2005)

conducted by any and all credit reporting agencies; (f) to provide any and all credit reporting agencies with the factual information and evidence that plaintiffs submitted to AMEX and which proved that the information concerning Plaintiffs' credit report was inaccurate; (g) cease furnishing inaccurate information concerning Plaintiffs to credit reporting agencies; and (h) to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s(2)(b).  *Id. at* ¶23.

In Count II, Plaintiffs allege a violation of the ICFA based on oral statements allegedly made by unidentified AMEX representatives at unspecified times to Plaintiffs that no fee would be charged to Plaintiffs for their use of AMEX checks if the check was made payable to a private third-party individual.  *Id. at* ¶25.  Plaintiffs claim these statements were known to be false and untrue by the unidentified AMEX representatives and were made with the intention of inducing Plaintiffs to rely on them.  *Id. at* ¶¶27-28.

Plaintiffs seek statutory, actual, and punitive damages as well as costs and attorney's fees based on Counts I and II.  *Id. at* ¶24, 30, PRAYER FOR RELIEF (a)-(d).  Plaintiffs also seek injunctive relief.  *Id. at* PRAYER FOR RELIEF (e)-(f).

## **ARGUMENT**

### I. COUNT I FAILS TO STATE A CLAIM UNDER THE FCRA.

Initially, Count I of Plaintiffs' Complaint must be dismissed because Plaintiffs have failed to allege at least two of the necessary elements to their § 1681s-2(b) FCRA claim. Specifically, Plaintiffs have not alleged that plaintiffs notified any credit reporting agency that they disputed the purported inaccurate information nor have Plaintiffs alleged that any credit reporting agency ever informed AMEX of the alleged dispute.  *See generally* Pl. Cmp.  Both of these allegations are essential elements to Plaintiffs' FCRA claim and absent such allegations the

claim fails. *Nelson v. Equifax Information Services, LLC*, 522 F.Supp.2d 1222, 1231 (C.D.Cal. 2007).

The duties that 15 U.S.C. § 1681s-2(b) imposes on furnishers of credit information, such as AMEX, arise <u>only</u> after the furnisher is notified pursuant to § 1681i(a)(2) by a consumer credit reporting agency that a consumer disputes the information. *Moline v. Trans Union, LLC,* 2003 WL 21878728 (N.D.Ill.2003); 15 U.S.C. §§ 1681i(a)(2); *see Ryan v. Trans Union,* 2000 WL 1100440, *1 (N.D.Ill. Aug. 4, 2000). Furnishers of information are accountable under § 1681s-2(b) only if they continue to supply inaccurate data to credit reporting agencies after proper notification by the credit reporting agency. 15 U.S.C. § 1681s-2(b)(1)(A)-(D); *Dornhecker v. Ameritech Corp.,* 99 F.Supp.2d 918, 925 (N.D.Ill. 2000). Section 1681i(a)(2)(A) provides that notice "shall include all relevant information regarding the dispute that the agency [CRA] has received from the consumer." Therefore, only proper notice, including all relevant information received from the consumer, triggers the furnisher's obligation to conduct an investigation under § 1681s-2(b). *Varnado v. Trans Union,* LLC 2004 WL 1093488, *2 (N.D.Ill. 2004).

Here, Plaintiffs do not make any allegations that they notified a credit reporting agency with notice of their alleged dispute or that a credit reporting agency provided AMEX with notice of the alleged dispute. Absent such notification, AMEX's duties under § 1681s-2(b) of the FCRA were never triggered as notification of a dispute directly by a consumer is <u>insufficient</u> to trigger the duties set forth in § 1681s-2(b) and, in turn, to allow a consumer to state a cause of action for violations of § 1681s-2(b) under § 1681n and § 1681o. *Nelson*, 522 F.Supp.2d at 1231. Thus, Count I fails to state a claim because Plaintiffs have failed to allege the necessary elements of a cause of action under the FCRA and should be dismissed.

## II.     COUNT II (ILLINOIS CONSUMER FRAUD ACT) IS PREEMPTED.

Plaintiffs have incorporated the entirety of the factual allegations of their Complaint (paragraphs 1-24), including their FCRA claim, into Count II. Pl. Cmp. ¶25. Because Plaintiffs ICFA claims are based on the same allegations as their FCRA claim, Count II is preempted by the ICFA.

Section § 1681t of the FCRA describes the relationship between FCRA and state law. 15 U.S.C. § 1681t. It states that "the laws of any State with respect to the collection, distribution, or use of any information on consumers" are impacted "to the extent that those [state] laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency." 15 U.S.C. 1681t(a). However, there are limited exceptions to this rule with respect to particular subject areas of credit reporting:

> **(b)** General exceptions
>
> <u>No requirement or prohibition may be imposed under the laws of any State—</u>
>
> **(1)** <u>with respect to any subject matter regulated under--</u>
>
> \*\*\*
>
> **(F)** <u>section 1681s-2 of this title, relating to the responsibilities of persons who furnish   information to consumer reporting agencies, except that this paragraph shall not apply--</u>
>
> **(i)** with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as   in effect on September 30, 1996); or
>
> **(ii)** with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996);
>
> 15 U.S.C.A. § 1681t (emphasis added).

Thus, the FCRA preempts state law in its entirety with respect to the duties imposed on data furnishers such as AMEX. *See Trout v. BMW of North America,* 2007 WL 602230

(D.Nev.2007); *Cisneros v. Trans Union, LLC,* 293 F.Supp.2d 1167, 1174, 1177 (D. Hawaii 2003); and *Davis v. Maryland Bank, N.A.,* 2002 WL 32713429 (N.D.Cal.2002).

In the present case, by incorporating their FCRA claims into their ICFA claim Plaintiffs attempt to use the ICFA to impose requirement or prohibitions based on state law that would not otherwise be imposed under the FCRA in an attempt to evade the FCRA's notification requirements. *See* Section I *supra.* The FCRA expressly preempts the use of state law in this manner. 15 U.S.C § 1681t(b)(1)(F). Thus, Plaintiffs ICFA are preempted and require dismissal.

**III.　COUNT II (ILLINOIS CONSUMER FRAUD ACT) FAILS TO STATE A CLAIM BECAUSE IT IS NOT PLEAD WITH PARTICULARITY AS REQUIRED UNDER F.R.C.P. 9(b).**

Even if Count II of Plaintiffs' Complaint were not preempted by the FCRA, it requires dismissal as it fails to state a claim under the ICFA because Plaintiffs have not alleged a violation of the ICFA with requisite particularity demanded by F.R.C.P. 9(b). When plaintiffs allege fraud, F.R.C.P. 9(b) imposes the additional requirement that "the circumstances constituting the fraud or mistake shall be stated with particularity." F.R.C.P. 9(b). Particularity requires plaintiffs "to plead in detail the 'who, what, when, where, and how' of the circumstances constituting the fraud." *See CUMIS Ins. Soc'y, Inc. v. Peters,* 983 F.Supp. 787, 792 (N.D.Ill.1997) (quoting *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1990)). That is, plaintiffs must plead "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Id.* (quoting *General Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1082-83 (7th Cir.1997)).

6296440v1 886255

This particularity requirement applies to Plaintiffs' ICFA claim. *See DeLeon v. Beneficial Constr. Co.,* 55 F.Supp.2d 819, 825 (N.D.Ill.1999). In order to state a claim for a violation of the ICFA, Plaintiffs must allege: "1) a deceptive act or practice by [Defendants], 2) [Defendants'] intent that [Plaintiffs] rely on the deception, and 3) that the deception occurred in the course of conduct involving trade and commerce." *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.,* 250 F.3d 570, 575-76 (7th Cir.2001).

In *Credit Ins. Consultants, Inc. v. Gerling Global Reinsurance Corp. of America,* 210 F.Supp.2d 980, 983 (N.D.Ill. 2002) the plaintiffs asserted that the defendant committed fraud when it allegedly represented that it was committed to continuing its extended warranty program, knowing that those representations were false. The specifics that the plaintiffs offered to support their fraud claim were that beginning in the spring of 1999, and continuing through February 2000, officers and managers of the defendant, in the course of personal meetings and telephone calls with the plaintiffs, misrepresented that defendant intended to correct the problems of its inadequate claims reserves and continue its extended warranty program. *Id.* The court found that while the plaintiffs' allegations the what and how of the fraud were sufficient to what and the how of the fraud, that the who, when and where were unclear and thus, deficient. *Id.*

In *Jiang v. Allstate Ins. Co.,* 199 F.R.D. 267, 272 (N.D.Ill. 2001), the plaintiffs' ICFA claims were dismissed as failing to satisfy the Rule 9(b) requirements for pleading fraud with particularity. There, the plaintiffs alleged that Allstate sold them insurance while failing to disclose that Allstate employed discriminatory claims practices against members of the protected groups (i.e. denying payment on legitimate claims). *Id.* The court in *Jaing* stated that the plaintiffs allegations only satisfied the who (Allstate) and what (the purported fraud). It does not state the when, where, and how and dismissed the plaintiffs' ICFA claims. *Id.*

In the present case, Plaintiffs' allegations like those in *Credit Ins. Consultants, Inc.* and *Jaing,* fail to meet the heightened pleading standards under F.R.C.P. 9(b). Plaintiffs, in striking similarity to the plaintiffs in *Credit Ins. Consultants, Inc.,* only generally allege the who, when and where of the alleged fraud. Plaintiffs allege only allege that the purported fraudulent statements were made to them by <u>unknown</u> representatives of AMEX during telephone calls on <u>unspecified</u> dates in August and September of 2007. Pl. Cmp. ¶¶7, 9, 26-28 Such general allegations are insufficient to satisfy the heightened pleading requirements of F.R.C.P. 9(b). *Credit Ins. Consultants, Inc.,* 210 F.Supp.2d at 983; *Jiang,* 199 F.R.D. at 272. Since Plaintiffs have not alleged a violation of the ICFA with the requisite particularity under F.R.C.P. 9(b), their claims must be dismissed.

**IV.    THE FCRA BARS PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF.**

Plaintiffs' "PRAYER FOR RELIEF" requests injunctive relief contained in subparagraphs (e) and (f) is preempted by Section 1681t(b)(1)(F) of the FCRA. That Section prohibits state law from regulating the obligations of a data furnisher as regulated by Section 1681s-2 of the FCRA. Specifically Section 1681t(b)(1)(F) states:

> "No requirement or prohibition may be imposed under the laws of any state . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . ."

15 U.S.C. § 1681t(b)(1)(F).

Section 1682s-2 of the FCRA sets forth the duties of data furnishers, like AMEX. Plaintiffs' request for injunctive relief seeks to impose requirements, prohibitions, and other obligations on AMEX relating to its responsibilities in furnishing information to consumer reporting agencies. Such injunctive relief is expressly preempted by Section 1681t(b)(1)(F). *See Bittick v. Experian Information Solutions, Inc.,* -- F. Supp.2d --, 2006 U.S. Dist. LEXIS 9739, 2006 WL 593836, at

9

*2 (N.D. Tex. 2006) (FCRA preempts injunctive relief under common law); *Poulson v. Trans Union, LLC*, 370 F. Supp.2d 592, 593 (E.D. Tex. 2005) (FCRA preempts injunctive relief under state law); *Lin v. Universal Card Servs. Corp.*, 238 F. Supp.2d 1147, 1152 (N.D. Cal. 2002) (FCRA preempts state statute which authorizes injunctive relief). Even if Plaintiffs attempted to construe their injunctive relief count as asserting a cause of action under the FCRA, that count must still be dismissed as the FCRA does not allow an individual to assert a cause of action for injunctive relief. *In re Trans Union Corp. Privacy Litigation*, 211 F.R.D. 328, 338 -340 (N.D.Ill. 2002); (*citing Washington v. CSC Credit Services Inc.*, 199 F.3d 263, 268 (5th Cir. 2000). Accordingly, the FCRA's preemption provisions and the FCRA itself bar this claim and should be dismissed.

## CONCLUSION

For the aforementioned reasons, Count I of Plaintiffs' Complaint (alleged FCRA violations) fails because Plaintiffs have not alleged the necessary elements for such a claim. Count II of Plaintiffs' Complaint (alleged ICFA violations) fails as it is preempted by the FCRA. Even if Count II were not preempted by the FCRA, the allegations are insufficient as a matter of law because Plaintiffs have not plead Count II with the particularity required under F.R.C.P 9(b). Finally, Plaintiffs cannot obtain the injunctive relief requested in subparagraphs (e) and (f) of their PRAYER FOR RELIEF as such relief is barred by the FCRA. Accordingly, AMEX requests that Plaintiffs' be dismissed with prejudice, that it be awarded attorneys' fees pursuant to 15 U.S.C. §1681n(c) and §1681o(b) and for such other relief as this court deems just.

       Respectfully submitted,

       AMERICAN EXPRESS CENTURIAN BANK, *incorrectly sued as* AMERICAN EXPRESS CARDS A/K/A AMERICAN EXPRESS COMPANY,

       By:   s/Stephen D. Vernon_____
              One of Its Attorneys

Daniel K. Ryan
Stephen D. Vernon
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois  60601
312-704-3000
dryan@hinshawlaw.com
svernon@hinshawlaw.com

11

6296440v1 886255