IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Denise Pavich and Nicholas Pavich, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08-cv-01122 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | Magistrate Judge Nolan |
| American Express Cards a/k/a | ) | |
| American Express Company, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS PURSUANT RULE 12(b)(6)

Defendant, AMERICAN EXPRESS CENTURIAN BANK, *incorrectly sued as* AMERICAN EXPRESS CARDS A/K/A AMERICAN EXPRESS COMPANY ("AMEX"), by its attorneys, Daniel K. Ryan and Stephen D. Vernon, and pursuant to Federal Rule of Civil Procedure 12(b)(6) moves to dismiss Plaintiffs' First Amended Complaint, and in support thereof, state as follows:

## SUMMARY OF CLAIMS

1.　Plaintiffs, Denise Pavich and Nicholas Pavich, First Amended Complaint against AMEX alleges the same two counts as previously alleged in their original Complaint[1]: one for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et. seq.*, and the other for alleged violations the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505 *et. seq.* Plaintiffs' First Amended Complaint, a copy of which is attached hereto as Exhibit A.

2.　Plaintiffs allege that unidentified AMEX representatives orally assured them that they would not incur a finance charge if Plaintiffs used AMEX convenience checks. Ex. A.

---

[1] In fact, despite taking 43 days to file their First Amended Complaint, and filing the same a day late, Plaintiffs have only alleged five new sentences which were not included in their original Complaint. *Compare* Exhibit A with Plaintiffs' Complaint (Dkt. #9 at Ex. A).

Plaintiffs further claim that they were charged finance charges for using the AMEX convenience checks and that AMEX has reported inaccurate information regarding Plaintiffs' credit history to credit reporting agencies based upon the finance charges.  Ex. A.

## SUMMARY OF ARGUMENTS

3. However, Count I of Plaintiffs' Complaint, for alleged violations of the FCRA, requires dismissal because Plaintiffs have failed to allege two necessary elements for such a claim: (1) that they notified a credit reporting agency of their claimed dispute and (2) that a credit reporting agency notified AMEX of the dispute.  *See* Section I of Defendant's Memorandum of Law in Support of Its Motion to Dismiss ("Defendant's Memorandum of Law"), which is incorporated herein by reference.  Plaintiffs' First Amended Complaint concedes that Plaintiffs are unable to plead these two elements.  Ex. A at ¶¶ 11,12.  Thus, Count I is fatally flawed and should be dismissed with prejudice.

4. Count II should be dismissed as Plaintiffs have failed to plead a violation of the ICFA with the particularity needed under Federal Rule of Civil Procedure ("F.R.C.P.") 9(b).  *See* Section II of Defendant's Memorandum of Law.

6. Finally, Plaintiffs' requests for injunctive relief must be dismissed as they are barred by the FCRA.  *See* Section III of Defendant's Memorandum of Law.

## CONCLUSION

WHEREFORE, Defendant, AMERICAN EXPRESS CENTURIAN BANK, *incorrectly sued as* AMERICAN EXPRESS CARDS A/K/A AMERICAN EXPRESS COMPANY, respectfully requests that this Court grant its motion and dismiss Plaintiff's First Amended Complaint with prejudice, that it be awarded attorneys' fees pursuant to 15 U.S.C. §1681n(c) and §1681o(b) and for such other relief as this court deems just.

6323954v1 886255

        Respectfully submitted,

        AMERICAN EXPRESS CENTURIAN BANK, *incorrectly sued as* AMERICAN EXPRESS CARDS A/K/A AMERICAN EXPRESS COMPANY,

        By:    s/Stephen D. Vernon
                One of Its Attorneys

Daniel K. Ryan
Stephen D. Vernon
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois  60601
312-704-3000
dryan@hinshawlaw.com
svernon@hinshawlaw.com

3

6323954v1 886255