# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE PAVICH and<br>NICHOLAS A. PAVICH,<br><br>    Plaintiffs,<br>v.<br><br>AMERICAN EXPRESS CARDS a/k/a<br>AMERICAN EXPRESS CENTURIAN BANK<br><br>    Defendant. | No. 08 C 1122<br><br>Judge Joan Lefkow<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

1.  Plaintiffs Nicholas Pavich and Denise Pavich are husband and wife. They are citizens and residents of Cook County, Illinois.

2.  Upon information and belief, American Express Company a/k/a American Express Centurian Bank ("AMEX") is a business entity with its principle place of business located in Fort Lauderdale, Florida and it is incorporated in New York.

3.  Upon further information and belief, Defendant AMEX transacts business within Illinois and the events and acts described herein occurred in Cook County, Illinois.

### Background

4.  This is an action for damages brought by individual consumers against AMEX for violations of the Fair Credit Reporting Act (hereinafter "the FCRA"), 15 U.S.C. §1681 *et seq.*, and the Illinois Consumer Fraud Act, 815 ILCS 505, *et seq.*

5.  AMEX fraudulently induced plaintiffs into using its AMEX-issued checks (hereinafter "Convenience Checks") by repeatedly assuring plaintiffs that they would not be charged any fee in connection with the use of such a check. In fact, AMEX has

fraudulently charged plaintiffs' account with monthly charges for the use of the Convenience Check and it has charged interest for the same charges (hereinafter "Financing Charges"). Additionally, AMEX has been reporting derogatory and inaccurate statements and information relating to plaintiffs and plaintiffs' credit history to third parties (hereinafter "the Inaccurate Information") based upon its fraudulent Financing Charges.

6. The history of this dispute began in approximately July 2007 when plaintiffs were contemplating the purchase of a new home. Plaintiffs who had been credit card holding AMEX customers had received previous offers for Convenience Checks for their account. AMEX regularly advertised that it Convenience Check could be could be used just as normal checks.

7. Plaintiffs were aware that sometimes checks issued in connection with AMEX credit cards could carry finance charges, but only if they were used for balance transfers from other credit cards. In July 2007, after receiving another mail offer from AMEX regarding its Convenience Check offers, Denise Pavich phoned AMEX's toll-free number to enquire about the usage of the checks and whether a Convenience Check could be used, without incurring a transactional or financing charge, if made payable to a private third party individual. Throughout her conversation with the AMEX representative, she was repeatedly assured her that there would be absolutely no fee charged for the usage of a Convenience Check. As a result of the representative's assurances, Mrs. Pavich ordered a set of three convenience checks. Plaintiffs relied upon the representations made by the AMEX representative to Mrs. Pavich. Upon information

2

and belief, AMEX recorded Mrs. Pavich's conversation with its representative. Mrs. Pavich cannot recall the name to the representative with who she spoke.

8. Plaintiffs received the Convenience Checks in August 2007. They examined the written rules mailed with the checks and found no representations regarding Financing Charges for the use of the checks when they were made payable to private individuals. This intentional omission was purposely done by AMEX to further their scheme to defraud plaintiffs and constitutes a separate fraudulent act for the purpose of the claims stated in the Complaint. Plaintiffs relied upon the fraudulent omission made in the AMEX written rules.

9. Out of an abundance of caution, in August 2007, Nicholas Pavich again phoned the toll-free number listed with the information that came with the Convenience Checks to enquire about the usage of the checks and whether a convenience check could be used without incurring a transactional or financing charge if made payable to a private third party individual. Mr. Pavich spoke with another AMEX representative who repeatedly assured him that there would be absolutely no fee charged for the usage of the convenience check. Plaintiffs relied upon the representations made by the AMEX representative to Mr. Pavich. Upon information and belief, AMEX recorded Mr. Pavich's conversation with its representative. Mr. Pavich cannot recall the name of the representative with whom he spoke.

10. AMEX is an entity which regularly uses and furnishes credit information. AMEX has reported the Inaccurate Information about plaintiffs as part of that credit information it reports to the credit reporting agencies and other third parties.

3

11. The Inaccurate Information negatively reflects upon the plaintiffs, plaintiffs' credit history, plaintiffs' credit history, plaintiffs' financial responsibility as debtors and plaintiffs' credit worthiness. The major credit reporting agencies are inaccurately and wrongfully reporting plaintiffs' account with AMEX as a result of its fraudulent Financing Charges. Plaintiffs are involved with a dispute regarding reimbursement for Finance Charges which were fraudulently charged on their AMEX account. Plaintiffs have reported to AMEX about the representations made by its representatives. After promising to investigate the matter twice, upon information and belief, AMEX has made no such investigation. As a result, plaintiffs' credit reports do not accurately reflect the true debt and inaccurately and falsely continue to show increases in the debt subsequent to the date of the charges from the Convenience Check.

12. Despite plaintiffs' exhaustive efforts to date defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation of the above disputes as required by the FCRA. Moreover, any request to a credit reporting agency of the dispute would be a futile act, as AMEX has been informed directly about the dispute and done nothing to correct its wrongful acts described herein. In fact, AMEX has failed to remove the Inaccurate Information and it has failed to note the disputed status of the Inaccurate Information and has continued to report the Inaccurate Information about the plaintiffs.

13. Plaintiffs recently applied for home equity line of credit loan through Capital One Financial Company who offered a loan at a prohibitively high rate of interest due to the fact that their credit card balance is now being reported as too high. Plaintiffs

4

have been informed that the basis for the quoted high interest rate was the Inaccurate Information that appears on their credit report.

14.  Plaintiffs' credit reports and file have been obtained from the major credit reporting bureaus and have been reviewed by prospective and existing credit grantors and extenders of credit, and the Inaccurate Information has been a substantial factor in precluding plaintiffs from receiving many different credit offers and opportunities, know and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

15.  As a result of defendant's conduct, plaintiffs have suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit an loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses and other related costs, all of which will continue into the future to plaintiffs' great detriment and loss.

16.  As a result of defendant's conduct, plaintiffs have suffered great physical, emotional and mental pain and anguish, and plaintiffs will continue to suffer the same for an indefinite time in the future, all to plaintiffs' great detriment and loss.

17.  As a result of defendant's conduct, plaintiffs have suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and plaintiffs will continue to suffer the same for an indefinite time in the future, all to plaintiffs' great detriment and loss.

18.  As a result of defendant's conduct, plaintiffs have suffered decreased credit scores as a result of multiple inquiries appearing on plaintiff' credit file.

19.     At all time pertinent hereto, defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of defendant,

20.     At all times pertinent hereto, the conduct of defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the plaintiffs.

**Count I- Breach of the Fair Credit Reporting Act**

21.     Plaintiffs reincorporate and reallege paragraphs 1-20 above.

22.     At all times pertinent hereto, defendant AMEX was a "person" as that term is defined by 15 U.S.C. §1681a(b).

23.     Defendant AMEX violated sections 1681(n) and 1681(o) of the FCRA by engaging in the following conduct that violates 15 U.S.C. 1681s(2)(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiffs disputed;

(b) willfully and negligently failing to review all relevant information concerning plaintiffs' account provided to defendant AMEX;

(c) willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) willfully and negligently reporting agencies with the factual information and evidence that plaintiffs submitted to defendant AMEX and which proved that the report was inaccurate;

6

(f) willfully and negligently continuing to furnish inaccurate and derogatory credit, account and to credit reporting agencies and other entities; and

(g) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

24. AMEX's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the plaintiffs that are outlined more fully above, and as result, AMEX is liable to compensate plaintiffs for the full amount of statutory, actual attorneys' fees and costs, as well as any other relief permitted by law.

### Count II- Violation of the Illinois Consumer Fraud Act

25. Plaintiffs reincorporate and reallege paragraphs 1-20 above.

26. At the time of the mailing of the Convenience Checks and after, AMEX through its representatives, assured plaintiffs repeatedly in oral statements that there would be absolutely no fee charged for the usage of the Convenience Checks if it was made payable to a private third-party individual.

27. At the time of the foregoing representations, AMEX's representatives knew the representations were false and untrue.

28. At the time of the foregoing representations, AMEX's representatives made them for the purpose of inducing reliance and plaintiffs relied upon the representations.

29. The forgoing representations resulted in damages to plaintiffs.

7

30. AMEX's conduct (including its employees' intentional omissions and misrepresentations described above) was willful and wanton thereby warranting punitive damages along with attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs seek judgment in their favor and damages against American Express Company a/k/a American Express Centurian Bank for the following requested relief:

(a) Actual damages

(b) Statutory damages

(c) Punitive damages

(d) Costs and reasonable attorney's fees pursuant to 815 ILCS 505/2 and 15 U.S.C. §§1681n and 1681o;

(e) An order directing that defendant deletes all of the inaccurate information from plaintiffs' credit reports and files and cease reporting the Inaccurate Information;

(f) An order directing that defendant sends updated and corrected information to all persons who received the Inaccurate Information; and

(g) Such other relies as may be necessary, just and proper.

Respectfully submitted,

s/ Nicholas A. Pavich
Nicholas A. Pavich
On behalf of Denise Pavich and himself

Dated: May 9, 2008

Nicholas A. Pavich
Denise Pavich
1701 N. Halsted St.
Unit E-4
Chicago, Illinois 60601

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2008, I electronically filed the PLAINTIFFS' FIRST AMENDED COMPLAINT using the ECF System serving the following participants:

**Dan Ryan
Stephen Vernon
Hinshaw & Culbertson, LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601**

/s/ **Nicholas A. Pavich**