IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Denise Pavich and Nicholas Pavich, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08-cv-01122 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | Magistrate Judge Nolan |
| American Express Cards a/k/a | ) | |
| American Express Company, | ) | |
| | ) | |
| Defendant. | ) | |

### REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT RULE 12(b)(6)

Defendant, AMERICAN EXPRESS CENTURIAN BANK, *incorrectly sued as* AMERICAN EXPRESS CARDS A/K/A AMERICAN EXPRESS COMPANY ("AMEX"), by its attorneys, Daniel K. Ryan and Stephen D. Vernon, and for its Reply in Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

### PROCEDURAL HISTORY

AMEX filed its Motion to Dismiss Plaintiffs' original Complaint on March 21, 2008. In response, Plaintiffs sought and were given leave to file an Amended Complaint. On May 9, 2008, Plaintiffs filed their Amended Complaint. The Amended Complaint contained nearly identical allegations as Plaintiffs' original Complaint, save the addition of 5 new sentences. On May 29, 2008, AMEX filed its Motion to Dismiss Plaintiffs' Amended Complaint. If granted in its entirety, AMEX's Motion to Dismiss would fully dispose of this matter.

A briefing schedule was set on AMEX's Motion to Dismiss Plaintiffs' Amended Complaint on June 10, 2008. Plaintiffs' Response to AMEX's Motion to Dismiss was due by July 8, 2008 pursuant to that briefing schedule. Plaintiffs did not file a Response but rather nine days after their Response was due, on July 17, 2008, filed a motion for an extension of time to

6357671v1 16438

file their Response citing illness in their family as their excuse for their failure to file their Response. The Court granted Plaintiffs' motion giving them until July 29, 2008 to file their Response.

Again, Plaintiffs failed to file their Response by the Court's deadline and on August 8, 2008 Plaintiffs filed yet another motion for an extension of time to file their Response. That motion again cited illness in Plaintiffs' family as the basis of the motion. Plaintiffs sought and were granted leave to file their Response on or before August 29, 2008. Plaintiffs failed to file their Response by August 29, 2008 and, as of the date of this Reply (September 3, 2008), have provided no reason for their failure to this Court.

## ARGUMENT

Both Plaintiffs' original Complaint and their Amended Complaint attempt to allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681*et. seq.*, and the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505 *et. seq.* However, Count I of Plaintiffs' First Amended Complaint, alleged FCRA violations, requires dismissal because Plaintiffs have failed to allege two necessary elements for this claim: (1) that they notified a credit reporting agency of their claimed dispute and (2) that a credit reporting agency notified AMEX of the dispute. Facts which Plaintiffs concede they cannot plead in their First Amended Complaint. Count II should be dismissed as Plaintiffs have failed to plead a violation of the ICFA with the requisite particularity needed under Federal Rule of Civil Procedure ("F.R.C.P.") 9(b). Finally, Plaintiffs' requests for injunctive relief must be dismissed as they are barred by the FCRA.

AMEX's arguments regarding each of these points are fully set forth in its Memorandum of Law in Support of its Motion to Dismiss filed on May 29, 2008 (Dkt. #19) and are incorporated herein by reference. Each of these arguments were also raised in AMEX's

Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' original Complaint filed on March 21, 2008 (Dkt. #10).  Plaintiffs have now had AMEX's arguments in favor of dismissal for approximately five months (i.e. since March 21, 2008) and have yet to file their Response. Plaintiffs have failed to comply with three prior deadlines set by the Court for their Response.  In light of Plaintiffs' repeated failure to comply with the Court's deadlines and the length of time that Plaintiffs have had to file their Response, Plaintiffs should not be allowed any further extensions of time.  Accordingly, AMEX respectfully requests that this Court grant its pending Motion to Dismiss for the reasons fully set forth in its Memorandum of Law.

## CONCLUSION

WHEREFORE, Defendant, AMERICAN EXPRESS CENTURIAN BANK, *incorrectly sued as* AMERICAN EXPRESS CARDS A/K/A AMERICAN EXPRESS COMPANY, respectfully requests that this Court grant its Motion and dismiss Plaintiff's Complaint with prejudice, that it be awarded attorneys' fees pursuant to 15 U.S.C. §1681n(c) and §1681o(b) and for such other relief as this court deems just.

Respectfully submitted,

AMERICAN EXPRESS CENTURIAN BANK, *incorrectly sued as* AMERICAN EXPRESS CARDS A/K/A AMERICAN EXPRESS COMPANY,

By:   s/Stephen D. Vernon_____
        One of Its Attorneys

Daniel K. Ryan
Stephen D. Vernon
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois  60601
312-704-3000
dryan@hinshawlaw.com
svernon@hinshawlaw.com

3

6357671v1 16438

## **CERTIFICATE OF SERVICE**

      I, the undersigned, an attorney, certify that I caused to be filed this Reply in Support of Defendant's Motion to Dismiss through the Court's ECM/CF system, which will cause electronic notification of this filing to be sent to all counsel of record and caused to be served via the U.S. mail a copy of same to all counsel of record on or before 5:00 p.m. on September 3, 2008.

Nicholas A. Pavich, Pro Se
Denise M. Pavich, Pro Se
1701 N. Halsted Street
Unite E-4
Chicago, Illinois 60614

                                                  By: /s/*Stephen D. Vernon*